UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSHUA CRITTENDON,<br><br>  v.                              Plaintiff,<br><br>JOE LOMBARDO, et al.,<br><br>                              Defendants. | Case No. 2:17-cv-01700-RFB-PAL<br><br>**ORDER**<br><br>(Mot. USM-285 Forms – ECF No. 34;<br>Mot. Serve Add. Defs. – ECF No. 38) |

This matter is before the court on Plaintiff Joshua Crittendon's Motion to Give USM-285 Forms to US Marshal for Service (ECF No. 34) and Motion to Serve Additional Defendants (ECF No. 38). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The court has considered the Motions as well as defendants' Response (ECF No. 37).

**BACKGROUND**

Mr. Crittendon is a pretrial detainee currently in custody at the Clark County Detention Center ("CCDC"), and he is proceeding in this civil rights action *pro se* and *in forma pauperis* ("IFP"). This case arises from his allegations, pursuant to 28 U.S.C. § 1983, that defendants violated his civil rights. Upon review of the complaint, the court determined that it stated a plausible § 1983 claims against five named defendants for excessive force, deliberate indifference to serious medical need, and unreasonable conditions of confinement, as well as state law claims for assault and battery and medical negligence. *See* Screening Order (ECF No. 30). Mr. Crittendon also stated claims against doe defendants for failure to protect (count I) and excessive force (count II). *Id*. at 5 n.3, 6–8. The court explained that a plaintiff may use "Doe" to identify an unknown defendant in the complaint for screening purposes and subsequently attempt to determine the defendant's identity through discovery. *Id*. at 5 n.3 (citing *Gillespie v. Civiletti*, 629

F.2d 637, 642 (9th Cir. 1980)). Mr. Crittendon was specifically instructed: "If the true identity of any of the Doe Defendant(s) comes to light during discovery, *Plaintiff may move to amend his complaint to assert claims against the Doe Defendant(s) at that time*." *Id*. (emphasis added).

The Clerk of the Court was directed to issue summonses for Defendants Rogers, Torrez, Williamson, Sanches, and Brown, and deliver those summonses to the U.S. Marshal Service ("USMS") to attempt service. *Id*. at 15. The clerk's office mailed Mr. Crittendon five USM-285 forms to correspond with the five defendants for whom summons were issued. *Id*. The court instructed Crittendon to "furnish to the U.S. Marshal the required USM-285 forms" within 30 days and include "relevant information as to each Defendant on each form." *Id*.[1]

# DISCUSSION

## I. MR. CRITTENDON'S MOTIONS

Mr. Crittendon's first motion asks the court to deliver 10 completed USM-285 forms to the USMS. The forms request service for: (1) Williamson, supervisor of Naphcare; (2) M. Binko, P#8227; (3) N. Trost (SERT Team), P#13609; (4) P. Patimeeporn (SERT Team), P#14529; (5) J. Senior (SERT Team), P#8213; (6) Sgt. Williams (SERT Team), P# 9422; (7) C.O. Johnson; (8) C.O. Sanchez, P#14667; (9) Sgt. Rogers (SERT Team), P#5752; and (10) L. Verduzco (SERT Team), P#7647. The second motion attached two additional forms: (11) C.O. Torres, P#8232; (12) C.O. Brown, P# 15165.

Defendants' Response (ECF No. 37) to the first motion argues that Crittendon's USM-285 forms must be limited to the five named defendants for whom summonses were issued: Rogers, Torrez, Williamson, Sanches, and Brown. Most of Mr. Crittendon's forms are improper because he included individuals who are not named in the complaint. Although the court permitted the complaint to move forward against "doe" defendants, Crittendon must seek leave to amend his complaint to appropriately name and assert allegations against any new defendant. Assuming the

---

[1] Once the court enters an order directing a plaintiff to send completed USM-285 forms to the USMS and instructing the USMS to attempt service, the forms should *not* be sent to the Clerk of the Court, but mailed directly to the USMS's office:

U.S. Marshal Service – District Headquarters
333 Las Vegas Blvd. South, Suite 2058
Las Vegas, NV 89101

newly named individuals in his USM-285 forms are the doe defendants he referenced in the complaint, Mr. Crittendon must seek to amend his complaint prior to serving the identified individuals with a complaint that does not properly identify the individuals as defendants. Defense counsel therefore asks the court to ensure that the USMS only attempt service upon the defendants specifically identified in the court's Screening Order (ECF No. 37).

## II. LEGAL STANDARDS AND ANALYSIS

Rule 10(a) of the Federal Rules of Civil Procedure requires a plaintiff to include the names of the parties in the action. The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). When the names of individual defendants are unknown at the time a complaint is filed, a plaintiff may refer to the individual unknown defendants as defendant John (or Jane) Doe 1, John Doe 2, and so on, *and* allege facts to support how each particular doe defendant violated the plaintiff's constitutional rights. The use of doe names allows the court to screen the complaint and determine whether the plaintiff states an actionable claim against each doe defendant. After the screening and service on named defendants is complete, the plaintiff may use the discovery process to obtain the names of doe defendants whom he believes violated his constitutional rights and seek permission from the court to amend the complaint and substitute the real names of the doe defendants. *See, e.g.*, *Plumb v. Prinslow*, 847 F. Supp. 1509, 1523 (D. Or. 1994) (requiring plaintiff to substitute true name of a "John Doe" defendant and effect service at earliest opportunity).

Once the plaintiff learns the name of a doe defendant in discovery, he may file a motion seeking leave to amend his complaint and attach the proposed amended complaint.[2] The plaintiff may substitute the exact allegations against each doe defendant in the complaint with that person's name. For example, if a plaintiff learned that Bugs Bunny was the person whose conduct he

---
[2] Plaintiff is also informed that the Local Rules of Practice *require* the motion to include the proposed amended complaint, which must be complete in itself without reference to any prior pleading (*i.e.*, the original complaint). LR 15-1(a); *see also* Fed. R. Civ. P. 15.

3

described in a complaint as John Doe #1, the amended complaint may repeat the same allegations substituting Bugs Bunny in place of John Doe #1. The plaintiff may also add new defendants and allegations in the amended complaint if desired.

An amended complaint must be complete on its own without referring to any prior pleading (*i.e.*, the original complaint). *See* LR 15-1(a). This is because an amended complaint generally takes the place of the original complaint. *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, in an amended complaint, as in the original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The court is required to screen any amended IFP complaint and determine that it states a plausible claim for relief against each defendant before requiring a responsive pleading or issuing summonses to new defendants. 28 U.S.C. §§ 1915, 1915A; *Jones v. Bock*, 549 U.S. 199, 213–14 (2007).

In this case, the court entered a Screening Order (ECF No. 30) finding that the complaint states plausible § 1983 claims against defendants Rogers, Torrez, Williamson, Sanches, and Brown. It appears Mr. Crittendon may have learned the identities of individuals he described in the complaint as doe defendants because he submitted seven USM-285 forms requesting service for seven individuals other than the five named defendants. However, before the court will authorize service, he must first seek leave of the court to amend the complaint. The court will then determine whether his proposed amended complaint states actionable claims against each new proposed defendant. If so, the court will direct the clerk to issue summons for any proper new defendant(s) and instruct the USMS to attempt service on such new defendant(s). The screening and service process cannot proceed out of sequence. Thus, at this time, the USMS will only attempt service on the five defendants named in the court's prior Screening Order: Rogers, Torrez, Williamson, Sanches, and Brown. *See* Screening Order (ECF No. 30), Summons (ECF No. 32).

Accordingly,

/ / /

/ / /

4

**IT IS ORDERED:**

1. Plaintiff Joshua Crittendon's Motion to Give USM-285 Forms to US Marshal for Service (ECF No. 34) and Motion to Serve Additional Defendants (ECF No. 38) are **GRANTED in part and DENIED in part**.

2. The Clerk of the Court shall deliver to the USMS for service a copy of the Screening Order (ECF No. 30), Complaint (ECF No. 31), Summons (ECF No. 32), this Order, and the following five USM-285 forms (ECF Nos. 34-1, 38-1):

   (1) Williamson, supervisor of Naphcare; (2) C.O. Sanchez, P#14667; (3) Sgt. Rogers (SERT Team), (4) C.O. Torres, P#8232; and (5) C.O. Brown, P#15165.

3. After attempting service, the USMS shall file a notice with the court indicating whether Rogers, Torrez, Williamson, Sanches, and Brown were served.

4. If the USMS is unable to serve Rogers, Torrez, Williamson, Sanches, or Brown and Mr. Crittendon wishes to have service attempted again, he must timely file a motion specifying a more detailed name and/or address for any unserved defendant(s), or whether some other manner of service should be attempted.

5. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the deadline to accomplish service on defendants is **March 29, 2018**.

6. Mr. Crittendon must comply with this Order by accomplishing service by **March 29, 2018**, and his failure to complete service by that deadline may result in a recommendation to the district judge that the case, or an unserved defendant, be dismissed without prejudice.

Dated this 6th day of February, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE