UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSHUA CRITTENDON,<br><br>                 Plaintiff,<br>v.<br><br>JOE LOMBARDO, et al.,<br><br>                 Defendants. | Case No. 2:17-cv-01700-RFB-PAL<br><br>**ORDER**<br><br>(Mot. Re-Serve Def. – ECF No. 45) |

This matter is before the court on Plaintiff Joshua Crittendon's Motion to Re-serve Defendant (ECF No. 45). This Motions is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Mr. Crittendon is a pretrial detainee currently in the custody of the Clark County Detention Center ("CCDC"), and he is proceeding in this civil action *pro se* and *in forma pauperis* ("IFP"). This case arises from his allegations, pursuant to 28 U.S.C. § 1983, that defendants violated his civil rights. Upon review of the complaint, the court determined that it stated a plausible § 1983 claims against five named defendants for excessive force, deliberate indifference to serious medical need, and unreasonable conditions of confinement, as well as state law claims for assault and battery and medical negligence. *See* Screening Order (ECF No. 30). Crittendon also stated claims against doe defendants for failure to protect (count I) and excessive force (count II). *Id*.

On February 6, 2018, the court entered an Order (ECF No. 40) instructing the Clerk of the Court to deliver five completed USM-285 forms (ECF Nos. 34-1, 38-1) to the U.S. Marshal Service ("USMS") to attempt service on Defendants Williamson; C.O. Sanchez; Sgt. Rogers; C.O. Torres; and C.O. Brown, P#15165. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure,[1] Mr. Crittendon was informed that the deadline to accomplish service on these defendants is March

---

[1] Any references to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

1

29, 2018. Order (ECF No. 40) at 5. Service was completed for Defendants Rogers, Sanches, Torrez, Williamson. Summons Returned Executed (ECF No. 41). However, service was not completed for defendant Brown. Summons Returned Unexecuted (ECF No. 42) (noting that service was not accepted because P#15165 does not match the information on file).

Rule 4(m) states a defendant must be served within 90 days after a complaint is filed. *Id.* The rule also provides that a court must extend the time for service for an appropriate period if a plaintiff shows good cause for his failure to timely serve the complaint. *Id.* As a general matter, a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the procedural rules. *Martin v. Longbeach*, 246 F .3d 674 (9th Cir. 2000). "At a minimum, good cause means excusable neglect." *Id*.

In cases involving an incarcerated indigent plaintiff, the USMS will serve the summons and the complaint upon order of the court. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). An incarcerated plaintiff will not "be penalized by having his action dismissed for failure to effect service" if the USMS or the court clerk fail to perform their duties. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). However, it is the plaintiff's responsibility to provide the USMS with information necessary to identify and locate each defendant to be served. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause" for an extension of the service deadline. *Walker*, 14 F.3d at 1422 (citation omitted). Although an incarcerated plaintiff is entitled to rely on the USMS for service of the summons and complaint, that reliance is only proper when he has provided the USMS with accurate and sufficient information to effectuate service. *Puett*, 912 F.2d at 275; *Walker*, 14 F.3d at 1421–22.

Mr. Crittendon's Motion (ECF No. 45) identifies C.O. Brown as an unserved defendant and asks the court to order the USMS to re-attempt service on Brown with the corrected P#15615. Crittendon has shown good cause to re-attempt service on Brown, and the court will therefore grant the Motion. The Clerk of the Court will be directed to reissue summons to Brown and provide the same to the USMS to attempt service. If the USMS is unable to serve Brown and Mr.

Crittendon wishes to have service attempted again, he must file a timely motion providing more detailed information such as a complete name and/or address for the unserved defendant, or whether some other manner of service should be attempted. Crittendon is ultimately responsible for providing the USMS with information necessary to identify and locate each defendant to be served. *See Walker*, 14 F.3d at 1422. Pursuant to Rule 4(m), the service deadline is extended until **April 13, 2018**. Mr. Crittendon's failure to complete service by that deadline may result in a recommendation to the district judge that the claims against Defendant Brown be dismissed without prejudice.

**IT IS ORDERED:**

1. Plaintiff's Motion to Re-serve Defendant (ECF No. 45) is **GRANTED**.
2. The Clerk of the Court shall re-issue summons for Defendant C.O. Brown, P#15615, and deliver the summons to the USMS for service along with a copy of the Complaint (ECF No. 31), Brown's new USM-285 form (ECF No. 45 at 4), and this Order.
3. After attempting service, the USMS shall file a notice with the court indicating whether Defendant Brown was served, and Mr. Crittendon will be mailed a copy of the same.
4. If the USMS is unable to serve Defendant Brown, and Mr. Crittendon wishes to have service attempted again, Crittendon must file a motion with the court providing more information such as a complete name and/or address for the unserved defendant, or whether some other manner of service should be attempted.
5. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the deadline to serve Defendant Brown is extended until **April 13, 2018**.
6. Mr. Crittendon's failure to timely complete service on Defendant Brown may result in a recommendation to the district judge for dismissal of the claims against Defendant Brown without prejudice.

Dated this 13th day of March, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE