UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSHUA H. CRITTENDON,<br><br>      Plaintiff,<br>v.<br>JOE LOMBARDO, et al.,<br><br>      Defendants. | Case No. 2:17-cv-01700-RFB-PAL<br><br>ORDER |

Before the court are a series of motions which are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3:

- Plaintiff's Motion for Leave to File (ECF No. 61);
- Plaintiff's Motion for Appointment of Counsel (ECF No. 62);
- LVMPD's Emergency Motion to Strike Docket Nos. 61, 62, 63, 64 and 66 (ECF No. 70);
- Plaintiff's Sealed Ex Parte Motion (ECF No. 97);
- Plaintiff's Motion for Copies (ECF No. 99);
- Plaintiff's Motion for Leave to Respond to Docket No. 92 LVMPD's Response to Plaintiff's Sealed Ex Parte Document Docket No. 86 (ECF No. 101); and
- Plaintiff's Sealed Ex Parte Motion re: Pending Motions (ECF No. 109).

**BACKGROUND**

Plaintiff is a pretrial detainee who was initially in the custody of the Clark County Detention Center ("CCDC"). He has since been transferred to the Nevada Department of Corrections. *See* Notice of Change of Address (ECF No. 76). At the time he filed the notice, he was housed at the Indian Springs facility.

On December 28, 2017, the district judge entered a Screening Order (ECF No. 30) granting plaintiff's application to proceed in forma pauperis and screening his complaint pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2). The screening order summarized the factual allegations underpinning plaintiff's various claims and found that plaintiff had stated a colorable claim for excessive force against defendant Sanchez in a portion of Count 1. The court also found that: (1) a portion of Count I alleging failure to protect stated a colorable claim against John Doe which would be permitted to proceed when plaintiff learns his identity; (2) a portion of Count I alleging state law claims could proceed against defendant Sanchez based on the court's supplemental jurisdiction; (3) a portion of Count II alleging excessive force stating a colorable claim against defendants Rogers, Torrez, Brown and could proceed against Doe SERT team members when plaintiff learns their identity; (4) a portion of Count II alleging serious medical needs stated a colorable claim against defendant Rogers; and (5) a portion of Count III alleging serious medical needs stated a colorable claim against defendants Williamson and Rogers; (6) a portion of Count III alleging conditions of confinement stated a colorable claim against defendant Rogers; (7) a portion of Count III alleging supervisory responsibility was dismissed against defendant Lombardo without prejudice; (8) the portion of Count III alleging breach of contract was dismissed with prejudice against defendants Lombardo; and (9) a portion of Count III alleging a state law claim for medical negligence was allowed to proceed against defendant Williamson based on the court's supplemental jurisdiction. Defendant Naphcare staff was dismissed without prejudice.

The district judge also denied Crittendon's two motions for appointment of counsel without prejudice. In denying the motion for appointment of counsel, the district judge found that Crittendon had not established exceptional circumstances warranted the appointment of counsel at this stage of the litigation but indicated he would consider a renewed motion for the appointment of counsel if plaintiff's claims survive summary judgment.

The screening order also explicitly provided "that Plaintiff shall NOT file any further motions without leave of the Court except for motions involving direct threats to his safety or a serious, potentially life-threatening medical condition." (emphasis in original). The district judge's

2

order set plaintiff's then pending motion for preliminary injunction (ECF No. 22) for hearing on January 11, 2018.

At the hearing on plaintiff's motion for preliminary injunction, the district judge denied the preliminary injunction without prejudice, but ordered defense counsel to submit plaintiff's psychological evaluation and internal documents the facility had for the plaintiff for the court's consideration.

Summons were issued and some were returned executed. On March 2, 2018, defendants Joe Lombardo and Las Vegas Metropolitan Police Department ("LVMPD") filed an Answer (ECF No. 46). On March 2, 2018, defendant Larry Williamson M.D. filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 47). That motion is fully briefed an under submission to the district judge.

In a written Order (ECF No. 55) and Amended Order (ECF No. 56) entered March 30, 2018, the district judge denied plaintiff's Motion for a Temporary Restraining Order (ECF No. 3) and Motion for Preliminary Injunction (ECF No. 4) without prejudice. The order and amended order also addressed several other motions filed by plaintiff including a Motion for Copies (ECF No. 16) and Motion for Leave and/or Stay of Time (ECF No. 39). The district judge found as a threshold matter that the plaintiff had not articulated or otherwise provided facts to support that "immediate and irreparable injury, loss, or damage will result" before the defendants could be heard and therefore denied his application for a temporary restraining order. The district judge also found that the plaintiff had not shown irreparable harm warranting an ongoing injunction and denied the motion for preliminary injunction without prejudice.

The order and amended order gave plaintiff 60 days to file an amended complaint instructing him that if he chose not to file an amended complaint, the case would proceed on the original complaint. The Motion for Copies (ECF No. 16) was granted to the extent the court approved plaintiff's request for transcripts for the hearings held on August 10, 2017, and August 11, 2017. Plaintiff's Motion for Leave and/or Stay was granted in part and denied in part. It was granted to the extent that if he chose to file an amended complaint, he must do so within 60 days. The order required defendant Williamson to provide plaintiff with regular access to his medical

file throughout the pendency of this litigation. Finally, the order again explicitly directed "that Plaintiff shall NOT file any further motions without leave of the Court except for motions involving direct threats to his safety or a serious and potentially life-threatening medical condition." (emphasis in original).

LVMPD filed an Emergency Motion to Strike Plaintiff's Motions Nos. 61, 62, 63, 64, and 66 (ECF No. 70) because they were filed in violation of the district judge's explicit orders. On April 16, 2018, the district judge entered a Minute Order in Chambers (ECF No. 74) staying the deadlines for defendants to file responses to any pending motions until the court's ruling on LVMPD's Emergency Motion to Strike (ECF No. 70).

## **DISCUSSION**

The court will grant LVMPD's Emergency Motion to Strike (ECF No 70). Plaintiff filed his various motions (ECF Nos. 61, 62, 63, 64 and 66) in direct violation of the district judge's Orders (ECF Nos. 30, 56). None of these motions involve allegations of direct threats to plaintiff's safety or a serious and potentially life-threatening medical condition. In denying plaintiff's motions for appointment of counsel, the district judge explicitly advised plaintiff that the court would reconsider appointing counsel if any of his claims survive summary judgment. Plaintiff's motion for appointment of counsel (ECF No. 62) is duplicative of his two prior motions. It was filed in violation of the district judge's order that he not file any additional motions except those involving direct threats to his safety or a serious and potentially life-threatening medical condition, and premature.

The court will also strike motions plaintiff filed (ECF Nos. 97, 99, 101, 109) after LVMPD filed its motion to strike on the same grounds. They were filed in violation of the district judge's Order (ECF Nos. 30, 56).

One of these motions (ECF No. 109) is an ex parte motion plaintiff addresses to Judge Boulware in the caption which was automatically referred to me for decision. In it, plaintiff states he fears that pending motions filed since April 3, 2018 were not processed so that Judge Boulware could decide them as Crittendon has not had any rulings since Judge Boulware's December 28, 2017 screening order.

4

The docket reflects that the clerk's office has served Crittendon with multiple orders entered in this case which include Judge Boulware's orders (ECF No. 55& 56) on March 30, 2018 He was served with the undersigned's discovery plan and scheduling order (ECF No 58) on April 3, 2018, and Minute Order in Chambers (ECF No 84) regarding filing of discovery papers on April 27, 2018. He was served with Judge Boulware's Minute Order in Chambers (ECF No 74) on April 16, 2018. This order was returned by the US Postal Service as attempted-address unknown. The clerk's office mailed it to plaintiff's new address once he provided his notice of change of address. (ECF No 85) He was served Judge Boulware's Minute Order in Chambers (ECF No 80) regarding the requirements of *Klingele v. Eikenberry* and *Rand v. Rowland* on April 24, 2018. He was served with the undersigned's Order (ECF No 91) striking plaintiff's proposed discovery plan and scheduling order on May 8, 2018.

Plaintiff has not received rulings on his various motions because they were filed in violation of Judge Boulware's orders precluding him from filing additional motions.

On the merits, and as the court has previously explained, Cittendon is not entitled to court appointed counsel in a civil case or to financial assistance prosecuting his case. The Supreme Court has held that an inmate's constitutional right of access to courts does not impose "an affirmative obligation on the states to finance and support prisoner litigation." *Lewis v. Casey*, 518 U.S. 343, 384 (1996). Likewise, nothing in the Federal Rules of Civil Procedure or Ninth Circuit case authority require defendants or the courts to finance or subsidize fees and costs associated with prosecuting a civil action. *See*, *e.g.*, *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (finding that "28 U.S.C. § 1915, the *in forma pauperis* statute, does not waive payment of fees or expenses for witnesses") (citing *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989)); *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991).

When a party obtains authority to proceed *in forma pauperis*, the party is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees or costs or giving security for defendants' costs. However, the Local Rules of Practice for this district state that permission to proceed "*in forma pauperis* does not waive the applicant's responsibility to pay expenses of litigation which are not covered by 28 U.S.C. § 1915." *See* LSR 1-7. Section

1915 does not extend to discovery and litigation related expenses such as the issuance or service of subpoenas at government expense. If plaintiff wants copies of motions he has filed with the court, he is required to submit an original and one copy for filing. The clerk of the court will file and docket the original and return a file-stamped copy to the plaintiff for his records.

Additionally, a number of plaintiff's motions contain duplicate requests for the same relief. The court cautions Crittendon that filing multiple motions requesting the same relief is an abusive litigation tactic that taxes the resources of the court and all of the parties to this lawsuit. Rule 11 of the Federal Rules of Civil Procedure provides that sanctions may be imposed on an unrepresented party who signs a paper that is either filed with the court for an improper purpose or is frivolous. *See Nugget Hydroelectric L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 439 (9th Cir. 1992) (upholding Rule 11 sanctions because a party's second motion to compel largely duplicated the first) (citing *Townsend v. Holman Consulting Corp.*, 929 F.3d 1158, 1362 (9th Cir. 1990) (*en banc*)). Once a motion is filed, filing a duplicate motion will not speed up the court's review of a movant's request. Motions are generally addressed in the order in which they were filed. Filing duplicate motions increases the court's workload and generally delays decision while a new round of response and reply deadlines run. Crittendon is warned that continued motion practice requesting relief in violation of the district judge's orders on motions that have already been denied, or making frivolous, unsupported requests, may result in the imposition of sanctions, up to and including a recommendation to the district judge that his case be dismissed.

Finally, plaintiff has improperly filed several motions ex parte, under seal. Local Rule 7-2 governs ex parte communications. It provides:

> (a) Ex Parte Defined. An ex parte motion or application is a motion or application that is filed with the court but is not served on the opposing or other parties.
>
> (b) Neither party nor an attorney for any party may make an ex parte communication with the court except as specifically permitted by these rules or the Federal Rules of Civil Procedure.

The local rules explain that an ex parte motion or application is one that is filed with the court "but *is not served on the opposing or other parties*." LR IA 7-2(a) (emphasis added). When an ex parte motion is filed the clerk's office generally files it under seal as a precaution and under the

6

assumption that it was filed as permitted by the Local Rules of Practice or the Federal Rules of Civil Procedure. The clerk's office does not serve ex parte motions and they are sealed on the public docket and not available to opposing counsel or the public. Ex parte motions or requests are generally not permitted. *Id*. Because these motions were improperly filed as ex parte motions the court will order the clerk of the court to unseal and serve the defendants with plaintiff's sealed, ex parte motions (ECF No. 67, 97, 109).

Accordingly,

**IT IS ORDERED** that:

1. Defendants LVMPD's, Rogers, Sanchez, and Torrez Emergency Motion to Strike (ECF No. 70) is **GRANTED**.
2. All of the Motions plaintiff filed in violation of the district judge's orders (ECF Nos. 61, 62, 97, 99, 101, 109) are **STRICKEN.**
3. The Clerk of the Court shall unseal and serve the defendants with plaintiff's sealed, ex parte Motions (ECF Nos. 67, 97, 109). As these documents have been stricken, the defendants need not respond unless ordered to do so by the district judge.

DATED this 26th day of November 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE